Turkey, J.,
delivered the opinion of the Court.
The decree of the Chancellor must be reversed.
The only question presented for our consideration is: Are the securities upon a general guardian bond liable for a fund derived from the sale of real estate under a decree of the Chancery Court, and paid into the hands of the guardian, the sale having been made and notes taken for the purchase money, before the appointment of the guardian, and of course before the execution of the guardian bond?
The sale was a conversion of the realty into personalty; and the securities are liable to the extent of their bond.
This opinion is not in conflict with the rule that the securities of a general guardian are not bound for the funds paid to him, which have been created by the sale of real estate by order or decree of the Chancery Court, for the purpose of division amongst the minor heirs. This rule contemplates the sale of realty after the appointment of the guardian and the execution of his bond; in which case, befoi'e the guardian is enabled to receive the fund, he must execute a special bond.
The Chancellor held the contrary; his decree is reversed, and the cause is remanded for an account.